UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
RODNEY STEVEN SKINNER,

                Petitioner,      02 Civ. 0219 (DLC)

      -v-                            <u>OPINION AND ORDER</u>

GEORGE B. DUNCAN

                Respondent.

------------------------------------------X

Appearances:

For <u>Pro Se</u> Petitioner:

Rodney Steven Skinner
Eastern NY Correctional Facility
P.O. Box 338
Napanoch, NY 12458-0338

For Respondent:

Kimberly Morgan
Assistant Attorney General
State of New York
120 Broadway
New York, New York 10271


DENISE COTE, District Judge:

    On January 31, 2001, <u>pro se</u> petitioner Rodney Steven Skinner ("Skinner") filed this timely petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Skinner seeks to vacate his 1983 conviction following trial of two counts of first degree robbery and one count of first degree criminal use of a firearm. In his petition, Skinner claims that he is being held unlawfully on the following grounds: (1) he was convicted by use of evidence obtained pursuant to an unlawful arrest; (2) the prosecution

failed to disclose favorable evidence; (3) his protection against double jeopardy was violated; and (4) he was denied his right to appeal. He separately claims in his petition that the sentence he is currently serving for an unrelated crime was enhanced due to the unlawful 1983 conviction and that, therefore, his current sentence was unlawfully obtained by the State of New York.

On August 31, 2004, the petition was referred to Magistrate Judge Andrew Peck for a report and recommendation (the "Report"). On February 17, 2005, Judge Peck recommended that the petition be denied.

## BACKGROUND

The relevant facts are set forth in the Report and summarized here. Skinner was convicted following trial and sentenced on June 17, 1983, to concurrent terms of two to six years imprisonment. Skinner was advised of his right to appeal and stated during the sentencing that he had received written notice of his right to appeal.

Skinner was released on parole on May 3, 1985. On April 30, 1987, Skinner's parole was revoked when he was arrested and subsequently convicted of third degree arson and criminal mischief. As a result, Skinner returned to prison on June 2, 1987, where the two years and two days remaining on his 1983 sentence were added to his new sentence of four to eight years. On June 2, 1995, New York issued Skinner a certificate of final parole discharge for the 1983 conviction.

On January 31, 1996, Skinner was arrested again, and on

February 21, 1997, a jury found him guilty of first degree assault, three counts of second degree criminal possession of a weapon, and fourth degree tampering with a witness, the crimes for which he is currently incarcerated.

During the sentencing phase, on June 23, 1997, Skinner was adjudicated a persistent felony offender and sentenced to four concurrent terms of twenty-five years to life, and a concurrent one-year term. On February 10, 2000, the First Department affirmed Skinner's conviction but reduced his sentence to four concurrent terms of seventeen years to life concurrent with a term of one year.

Skinner's state court challenges to his 1983 and 1997 convictions are described in the Report. Skinner's pro se federal habeas corpus petition was received by the district court's Pro Se Office on January 31, 2001. The district court dismissed the petition on October 8, 2002 as time-barred under the Antiterrorism and Effective Death Penalty Act. On April 11, 2003, the Second Circuit found Skinner's petition to be timely. Skinner v. Duncan, No. 02-2742 (2d Cir. April 11, 2003) (mandate).

The case was then reopened on October 21, 2003, and reassigned to this Court on November 11, 2003. The Report recommends that the petition be denied because Skinner is no longer "in custody" for the 1983 conviction. Skinner filed timely objections to the Report on February 26, 2005. For the following reasons, the Report is adopted, and the habeas petition

is denied.

## DISCUSSION

In reviewing the Report, a reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court shall make a de novo determination of those portions of the report to which objection is made. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).

The Report concludes that there is no federal jurisdiction over Skinner's habeas petition because he is no longer "in custody" for the 1983 conviction, which is a prerequisite for federal habeas relief. See 28 U.S.C. § 2254(a). Skinner had completely served his entire sentence for the 1983 conviction five years before he filed the present habeas petition.

Skinner contends that the Report should not be adopted because he was granted an early discharge from parole supervision on June 2, 1995 for good behavior, and absent this early discharge he would not have been released from parole until 1997. Even if Skinner had not been released from parole until 1997, he would have been free from any substantial restraints stemming from the 1983 conviction for over three years before he filed his habeas petition in early 2001. In fact, Skinner was no longer in custody based on the 1983 conviction as of his discharge from parole in 1995.

Skinner also appears to argue that his 1997 sentence is unlawful because it was enhanced by his unconstitutional

4

conviction in 1983. Skinner cannot use the 1997 sentencing proceeding to resurrect a habeas challenge on the expired 1983 conviction. As explained in the Report, the Supreme Court has ruled that the use of a prior conviction to enhance a later sentence does not mean that a petitioner remains "in custody" under the prior conviction, Maleng v. Cook, 490 U.S. 488, 492-93 (1989), and does not generally permit a collateral attack on the expired conviction through an attack on the current sentence which it was used to enhance. Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-404 (2001). Lackawanna held that

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Id. at 403-404 (citation omitted).[1]

To the extent that the petition may be construed as an attack on Skinner's 1997 conviction, the petition would have to be referred to the Court of Appeals as a successive petition. Skinner's first habeas petition challenging his 1997 conviction has already been denied. Skinner v. Duncan, No. 01 Civ. 6656, 2003 WL 21386032 (S.D.N.Y. June 17, 2003).

---

[1] The Supreme Court noted two exceptions under which a prior conviction may not be regarded as conclusively valid and therefore may be open to habeas attack by way of a challenge to the enhancement of a sentence for which the petitioner is currently in custody. Lackawanna, 532 U.S. at 404-405. Neither of these exceptions is applicable in the present case.

Skinner also argues that the Magistrate Judge did not review the September 9, 1982 transcripts of his co-defendant's testimony and failed to conduct a complete <u>de novo</u> review of his case. Judge Peck did not conduct a <u>de novo</u> review of Skinner's case because he had determined that the Court lacked jurisdiction over the petition because Skinner is no longer "in custody" as a result of his 1983 conviction. That determination having been correct, these last objections to the Report are without merit.

<u>CONCLUSION</u>

The Report is adopted, and the petition for a writ of habeas corpus is denied. In addition, no certificate of appealability shall be issued. The petitioner has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. <u>Tankleff v. Senkowski</u>, 135 F.3d 235, 241 (2d Cir.1998). I also find pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). The Clerk of Court shall dismiss this petition.

SO ORDERED:

Dated: New York, New York
July 11, 2005

/s/ Denise Cote
DENISE COTE
United States District Judge

COPIES SENT TO:

Rodney Steven Skinner
97A4680
Eastern Correctional Facility
Northhall 3 Company 12T
P.O. Box 338
Napanoch, NY 12458

Kimberly Morgan
Assistant Attorney General
State of New York
120 Broadway
New York, NY 10271

Magistrate Judge Andrew J. Peck